IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BOBBY SMITH, JR., #207658,       :
                                 :
    Plaintiff,                   :
                                 :
vs.                              :   CIVIL ACTION 09-00466-CG-B
                                 :
WARDEN JERRY FERRELL, *et al.*,  :
                                 :
    Defendants.                  :

### REPORT AND RECOMMENDATION

Plaintiff Bobby Smith, Jr., an Alabama prison inmate proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Based upon a careful review of the record, it is recommended that this action be dismissed with prejudice, prior to service of process, because it is duplicative of another action on the Court's docket.

**I. Nature of Proceedings.**

Upon a review of Plaintiff's original Complaint (Doc. 1), the Court directed Plaintiff to file a new Complaint because his original Complaint was not on the Court's required form for actions alleging § 1983 violations. Plaintiff was advised that his new Complaint would supersede his original Complaint. (Doc. 3). In response thereto, Plaintiff filed the instant Amended Complaint.

(Doc. 4).

In Plaintiff's handwritten original Complaint, he lists in the style of the case four Defendants, namely, Warden Jerry Ferrell, Warden Walter Myers II, Lieutenant Gwendolyn Givens, and Captain Hetrick. (Doc. 1 at 1). Plaintiff's claims against these individuals are based on an incident in which Plaintiff contends he was assaulted by officers on June 11, 2009. Plaintiff detailed his allegations against these individuals in his original Complaint. However, when Plaintiff re-filed his Complaint, on August 21, 2009, on the Court's required form, Jerry Ferrell is the only individual Plaintiff listed as a Defendant although Plaintiff was advised that his amended Complaint would supersede his original Complaint. (Doc. 4 at 6). Moreover, none of the allegations in Plaintiff's amended Complaint are connected to Defendant Ferrell.

In screening Plaintiff's amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (Doc. 4), the Court examined its docket and found that Plaintiff has pending before this Court two other actions based on the alleged August 21, 2009 assault although Plaintiff did not reference these actions in the space provided for such on the Court's complaint form[1]. In the action styled <u>Smith v. Givens</u>, CA 09-0448-CG-M, Plaintiff's Complaint contains similar

---

[1] The Complaint form contains the following question: Have you filed any other lawsuits in state or federal court dealing with the same or similar facts involved in this action. Plaintiff provided a negative response to the question. (Doc. 4, p. 3)

2

allegations but does not provide as much detail as the allegations contained in Plaintiff's original Complaint in the present action. (Doc. 1).  The Complaint in CA 09-0448-CG-M was mailed to Defendants Givens and officer Knight,[2] and they executed and returned the waiver of service of summons.  (Docs. 8 & 10).[3]

Another action filed by Plaintiff and pending on the Court's docket, namely Smith v. Ferrell, CA 09-0588-CG-C closely tracks the allegations contained in Plaintiff's original Complaint in the instant action, CA 09-0466-CG-B, and names as Defendants Jerry Ferrell, Gwendolyn Givens, Albert Knight, and Timothy McCorvey.  CA 09-0588-CG-C is before the Court for screening pursuant 28 U.S.C. § 1915(e)(2)(B). In that action, Plaintiff alleges that Defendant Ferrell did not show leadership for his officers (Doc. 1 at 4) and that Defendants Ferrell, Myers, and Hetrick were present after Plaintiff got up from being beaten but they did not rush to stop the beating even though they heard it on the radio.  (Id. at 9). Plaintiff also alleges that Defendant Ferrell failed to discipline Defendant Givens for her actions.  (Id. at 10).

---

[2]Plaintiff named as Defendants Gwendolyn Givens, Timothy McCorvey, and officers Knight, Williams and Sellers.

[3]On his Complaint form in CA 09-0466-CG-M, Plaintiff indicates that he has also filed an action in state court in Escambia County against Lieutenant Givens and Officers McCorvey, Knight, Williams and Sellers.

**II. Analysis.**

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, 226 F.3d 133, 138 (2d Cir. 2000); see Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) ("It is well established that 'as between federal district courts, . . . the general principle is to avoid duplicative litigation.'") (citation omitted). The considerations behind this principle are "(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. (parenthesis in original).

"[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." I. A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551 (11th Cir. 1986). Broad discretion is given trial courts "in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." Id.

Upon review of Plaintiff's pending actions, it is clear that Plaintiff's claim against Defendant Ferrell in the instant action are based on the same incident and include the same allegations lodged against Defendant Ferrell and others in CA 09-0588-CG-C. Admittedly, in Plaintiff's superseding Amended Complaint in the

present action, he has failed to identify a claim against the sole Defendant, Warden Ferrell. Plaintiff's failure to articulate a claim against Warden Ferrell is curious in that Plaintiff's original Complaint, which was not on the Court's required form, references Defendant Ferrell and makes specific allegations against him.

Plaintiff's failure to identify a claim against Warden Ferrell in his Amended Complaint might indicate his intent to seek to hold Defendant Ferrell liable for the actions of his subordinates. However, such a claim is not recognized in a § 1983 action. Monell v. Dep't of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (a defendant cannot be held liable on the basis of respondeat superior or vicarious liability for a constitutional violation that is caused by another). Section 1983 imposes liability only when one person causes injury to another. Id. at 692, 98 S.Ct. at 2036.

In light of Plaintiff's pro se status, and the Court's limited resources, the undersigned is unable to discern a reason for developing the present action further, i.e., by attempting to discern Plaintiff's intent regarding Defendant Ferrell, because Plaintiff has two other actions proceeding in this Court based on the same alleged assault and as noted supra, Defendant Ferrell is named as a Defendant in one of them, namely CA 09-0588-CG-C. Accordingly, the present action should be dismissed because

Plaintiff's claim against Defendant Ferrell is duplicative of another pending action. Dickerson v. Burnette, 2008 WL 4155272 at *1 (S.D. Ga. Sept. 9, 2008) (observing the action was dismissed because some claims were duplicative of those in another action and other claims were unexhausted); cf. Mathis v. Hughes, 2008 WL 3891514, at *1 (M.D. Ala. Aug. 20, 2008) (finding the complaint indistinguishable from other actions by plaintiff pending on the docket and dismissed the complaint as malicious under 28 U.S.C. § 1915(e)(2)(B)(I)).

**III. Conclusion.**

For the reasons set forth above, it is recommended that this action be dismissed as duplicative. This Report and Recommendation should not be construed as a ruling on whether Plaintiff has stated a claim against Defendant Ferrell.

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

**DONE** this **4th** day of **February, 2010.**

                                    **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).

7

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this **4th** day of **February, 2010.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**